UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GE CAPITAL COLONIAL PACIFIC LEASING,

    Plaintiff,

vs.

Case No. 07-CV-11345
HON. GEORGE CARAM STEEH

CATHERINE MOSS-HILBRECHT,

    Defendant.

_____/

<u>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 5)</u>

Plaintiff GE Capital Colonial Pacific Leasing moves for summary judgment of its claim that <u>pro</u> <u>per</u> defendant Catherine Moss-Hilbrecht is liable for $133,608.78 as a personal guarantor under a May 16, 2002 lease. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

GE Capital filed a complaint on March 28, 2007 alleging that its assignor Balboa Capital executed a May 16, 2002 ski equipment lease with lessee Skyline Ski and Country Club, and that defendant Moss-Hilbrecht executed a separate May 16, 2002 Lease Guarantee personally guaranteeing payment by Skyline of "all Obligations due under the Lease" should Skyline default. GE Capital alleges that Skyline has since breached the lease, owing $133,608.78, and that Moss-Hilbrecht is liable for that amount as a guarantor. Federal subject matter jurisdiction is premised on diversity jurisidction, with GE Capital alleging that it is a Delaware corporation with its principal place of business in Oregon, that Moss-Hilbrecht is a Michigan citizen, and that the amount in controversy exceeds

$75,000.00.  See 28 U.S.C. § 1332.

On May 1, 2007, Moss-Hilbrecht appeared pro per by filing a one-page answer, admitting only the allegation that she is a citizen of Michigan.  As to GE Capital's remaining allegations, including the allegation that Moss-Hilbrecht signed the May 16, 2002 Lease Guarantee attached to the complaint, Moss-Hilbrecht answers "Not enough information." On May 4, 2007, the court entered a Scheduling Order setting the dispositive motion cut-off date at September 14, 2007.  Moss-Hilbrecht filed a witness list on July 6, 2007.  GE Capital filed the instant motion for summary judgment on September 14, 2007.  Moss-Hilbrecht has not filed a response to the motion, which was due on October 8, 2007.  E.D. Mich. LR 7.1(d)(1)(B).

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 252 (1986). Rather, there must be evidence on which the fact-finder could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

At the outset, "[i]t is a well-accepted principle that a federal court in a diversity case must apply the conflict of law rules of the state in which it sits." Banek Inc. v. Yogurt Ventures U.S.A., Inc., 6 F.3d 357, 361 (6th Cir. 1993). In Michigan, a contractual choice of law provision governs unless: (1) the chosen state has no substantial connection to the parties or the transaction; or (2) application of the law of the chosen forum would be contrary to a fundamental policy of Michigan, with Michigan having a materially greater interest in the determination of the issue. Id. at 361 (applying 1 Restatement (Second) of Conflicts of Laws § 187 (1971)). Both Skyline's May 16, 2002 lease and the May 16, 2002 Lease Guarantee contain California choice of law provisions. Absent evidence or argument to the contrary, this court will apply California law. Banek Inc., 6 F.3d at 361. California

3

has abolished any distinction between a guarantor and surety. Calif. Civ. Code § 2787. A guarantor is one who promises to answer for the debt or default of another. Id. In interpreting the terms of a guarantee contract, the same rules are to be applied as in the case of other contracts. Calif. Civ. Code § 2837. Guarantee contracts, like other contracts, are to be interpreted "with a view towards effectuating the purposes for which the contract was designed." United States Leasing Corp. v. duPont, 69 Cal.2d 275, 284, 444 P.2d 65 (Calif. Supr. Ct. 1968). It is the instrument itself that must be given effect, although extrinsic evidence may be admissible to interpret a written agreement. Id. Interpretation of a written instrument is "solely a judicial function" unless the interpretation turns upon the credibility of admissible extrinsic evidence. Id.

The proffered May 16, 2002 Lease Guarantee is signed by Catherine Moss-Hilbrecht as "Personal Guarantor." The Lease Guarantee expressly provides: "If the Lessee defaults, I will immediately pay in accordance with the default provisions of the Lease all Obligations due under the Lease." Under the terms of Skyline's May 16, 2002 lease, the rental terms are $1,865.85 per month plus applicable taxes for a term of 60 months. Skyline's rental obligation is expressly an "UNCONDITIONAL" obligation. Skyline is deemed to be in default of the lease if Skyline fails to pay any obligation when due. GE Capital proffers the September 13, 2007 affidavit of one Yvette Cedeno attesting that $133,608.78 is currently owing under Skyline's May 16, 2002 lease.

Defendant Moss-Hilbrecht has failed to come forward with evidence to dispute that she is liable to GE Capital under the express terms of the May 16, 2002 Lease Guarantee in the amount of Skyline's $133,608.78 default under the May 16, 2002 lease. Calif. Civ. Code §§ 2787, 2837; United States Leasing Corp., 69 Cal.2d at 284. Moss-Hilbrecht's

averments in her answer of "Not enough information" fail to meet her burden of coming forward with evidence to generate a genuine factual dispute. Anderson, 477 U.S. at 247-48, 252. The unchallenged proffered evidence is so one-sided that GE Capital is entitled to judgment as a matter of law. Amway Distributors, 323 F.3d at 390. Accordingly,

Plaintiff GE Capital Colonial Pacific Leasing's motion for summary judgment is hereby GRANTED. Judgment shall enter in favor of GE Capital, and against defendant Catherine Moss-Hilbrecht, in the amount of $133,608.78.

SO ORDERED.

Dated: October 23, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 23, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk